

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

APR 0 9 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| TONIA LAJAUNIE | CIVIL ACTION 13-137 |
| VERSUS | JUDGE HAIK |
| CITIMORTGAGE, INC. | MAGISTRATE JUDGE HANNA |

### RULING

Before the Court is a 12(b)(6) Motion to Dismiss filed by CitiMortgage (Doc. #9). CitiMortgage ("Citi") addresses five separate claims in its motion. For the following reasons, the Motion is **GRANTED in part and DENIED in part**:

To survive a 12(b)(6) motion, a plaintiff must plead enough facts to "state a claim for relief that is plausible on its face." *In Re: Katrina Canal Breaches Litigation,* 495 F.3d. 191 (5th Cir., 2008). A plaintiff must provide enough detail to sufficiently put the opposing party on notice of the claims and must provide more than conclusory allegations. The Court then determines if the allegations, taken as true, give rise to a claim upon which relief may be granted.

**Louisiana Unfair Trade Practices Act**: First, Citi argues the plaintiff has failed to state a claim under the Louisiana Unfair Trade Practices Act, as the Act specifically provides that its provisions are not applicable to "any federally insured financial institution, any subsidiaries, and affiliates..." The plaintiff argues the exemption is not as broad as Citi claims and cites a case which is no longer good law.

LA R.S. 51:1406(a) specifically excludes federally insured financial institutions, subsidiaries, and affiliates from the provisions of the Louisiana Unfair Trade Practices Act.

Consequently, the motion to dismiss the LUTPA claims is **GRANTED** and the plaintiff's claims for violations of LUTPA are dismissed with prejudice.

**Fraud:** Essentially, Citi argues the plaintiff has not pled Fraud with enough specificity to allow it to prepare a defense. The Court agrees the plaintiff must provide more detail in its pleadings to support this claim. As such, the motion to dismiss this claim is **DENIED** and plaintiff is hereby given twenty (20) days to amend her claim to more specifically state a claim for Fraud.

**Consent Judgment:** Citi argues the plaintiff has alleged a violation of the terms of a consent judgment, but fails to reference anything other than a case number, with no other details. The Court agrees that the plaintiff has failed to provide enough information for the defendant to be able to properly analyze and defend this claim. The motion to dismiss this claim is **DENIED** and plaintiff is hereby given twenty (20) days to amend her claim to more specifically state a claim with respect to the consent judgment.

**Nullification of the Judgment of Foreclosure:** Citi argues the claim for nullification of the judgment has prescribed since it was filed after the sheriff "executing the foreclosure has either filed the proces verbal of the sale or filed the sale for recordation in the conveyance records of the parish." LA R.S. 13:4112. The plaintiff argues she seeks to annul the judgment based on fraud or ill practices, which falls outside of the statute cited by Citi. The Court agrees the plaintiff seeks annulment of the judgment based on allegations of fraud or ill practices, which is outside the realm of LA R.S. 13:4112.

The defendant also argues the claim for nullification is barred by Res Judicata. The plaintiff failed to address this aspect of the argument in her opposition. Citi cites authority for its argument that, "all defenses and procedural objections to an executory process proceeding are

waived if the debtor allows the seizure and sale to proceed uncontested by either a suit or injunction or suspensive appeal." *Antoine v. Chrysler Financial Corp.*, 782 So.2d. 651 (LA App. 4th Cir., 2001). Citi argues the plaintiff was put on notice of the foreclosure proceedings in October 2012, well before the December 2012 sale. She failed to object and allowed the sale to proceed uncontested. By doing so, she has now waived her objections and her claims are barred by res judicata.

The Court agrees the plaintiff failed to take any meaningful steps to object or defend her position in the foreclosure proceeding. However, her claim for nullification based on fraud and ill practices falls outside of "defenses and procedural objections" to the executory process. She is not arguing, for example, the money was paid and the debt was unenforceable, which would fall within the realm of those issues addressed by the circuit court. Instead, her claims are for a different category of acts. Consequently, the motion to dismiss the claim for nullification based on fraud or ill practices is **DENIED.**

**Negligent Infliction of Emotional Distress:** Finally, defendant argues Ms. Lajaunie has failed to state a claim for negligent infliction of emotional distress. Generally, in order for conduct to rise to the level of inflicting emotional distress, "only one who by extreme and outrageous conduct intentionally or negligently causes severe emotional distress to another is subject to liability. Minimal and normal inconvenience is not compensable." *Arco Oil & Gas Co, v. DeShazer*, 728 So.2d. 841 (LA 1999). Citi argues its actions were not extreme or outrageous. It was simply exercising its legal rights. Citi cites various cases within the Fifth Circuit in support of the contention that normal foreclosure proceedings do not give rise to inflection of emotional distress claims.

Plaintiff argues that the issue is best left for a jury and that she should be given a chance to conduct discovery and more fully develop her claim for emotional distress.

It is hereby held that nothing in the pleadings would support a finding that CitiMortgage's behavior rose to the level of "extreme" or "outrageous". Although these foreclosure proceedings would certainly be unpleasant and upsetting to the plaintiff, they do not give rise to a claim for emotional distress. The motion to dismiss the plaintiff's claims for negligent infliction of emotional distress is **GRANTED**.

**THUS DONE** and SIGNED on this **8th day of April, 2014.**

_____
RICHARD T. HAIK, SR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA UNITED STATES